UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA KING,

        Plaintiff,

v.

CONTINENTAL CAFE HOLDINGS,
LLC,

        Defendant.

_____/

Case No. 2:24-cv-13100

HONORABLE STEPHEN J. MURPHY, III


TISHARDA HILL,

        Plaintiff,

v.

CONTINENTAL CAFE HOLDINGS,
LLC,

        Defendant.

_____/

Case No. 2:24-cv-13166

HONORABLE STEPHEN J. MURPHY, III


DAVID WOOD,

        Plaintiff,

v.

CONTINENTAL CAFE HOLDINGS,
LLC,

        Defendant.

_____/

Case No. 2:24-cv-13189

HONORABLE STEPHEN J. MURPHY, III


## ORDER GRANTING IN PART MOTION TO CONSOLIDATE [8]

Plaintiffs in the above cases moved to consolidate the cases and to appoint E.

Powell Miller of The Miller Law Firm, P.C., William B. Federman of Federman &

1

Sherwood, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and Ken Grunfeld of Kopelowitz Ostrow P.A. as "interim co-lead counsel." ECF 8, PgID 74. Plaintiffs also proposed an extended pleading schedule. *Id.* Defendant did not oppose the requests. *Id.* at 73. For the reasons below, the Court will consolidate the cases and will appoint interim counsel as requested.

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions if they "involve a common question of law or fact." "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Id.* (citation omitted). When deciding whether to consolidate, the Court "must consider" several factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quotation omitted).

The three cases at issue here satisfy the criteria for consolidation. Each Plaintiff sued Continental Café, a contract dining and refreshment provider, seeking to represent a class of individuals affected by Defendant's response to a data breach. ECF 8, PgID 79–80. The cases involve common questions of law and fact because each Plaintiff and proposed class assert similar claims against the same Defendant based on the same underlying facts. *See generally* ECF 1; *Hill v. Continental Cafe Holdings,*

*LLC,* No. 2:24-cv-13166 (E.D. Mich 2024), ECF 1; *Wood v. Continental Cafe Holdings, LLC,* No. 2:24-13189 (E.D. Mich 2024), ECF 1. Moreover, each case is still in the pleading stage. *Id.* Consolidation will only support the speedy and efficacious administration of justice because the discovery conducted in one case will overlap with discovery in the other two cases. Similarly, the Court's decisions in one case may impact—and may be dispositive of—the outcomes of the others. And considering the above, consolidation both carries little risk of prejudice to the Defendant and will promote efficient and cost-effective resolution of the case. Consolidation is therefore appropriate.

Next, Rule 23(g) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Plaintiffs requested that the Court appoint E. Powell Miller of The Miller Law Firm, P.C., William B. Federman of Federman & Sherwood, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and Ken Grunfeld of Kopelowitz Ostrow P.A. as "interim co-lead counsel." ECF 8, PgID 74. Defendant did not oppose the request. The Court will appoint the above attorneys as interim class counsel because, after reading the brief, ECF 8, the Court believes that the proposed counsel satisfies the applicable factors for appointment and each putative class representative will be represented. *See* Fed. R. Civ. P. 23(g)(1).

Finally, the Court will not enter Plaintiffs' proposed pleading schedule. Plaintiffs requested forty-five days from the entry of the consolidation order to file an

3

operative class action complaint, forty-five days for Defendant to answer or otherwise respond, and, in the event Defendant moves to dismiss, thirty days for Plaintiff to respond, and twenty-one days for Defendant to reply. ECF 8, PgID 73. The proposed schedule would result in the pleading stage taking 141 days in addition to the nearly four months since each of the cases was filed and in addition to whatever time it would take the Court to resolve any responsive motions. Even considering the consolidation, the proposed schedule extensions would unduly delay the litigation. Balancing the interests of justice and efficient resolution of the case with the litigation's complexity, the Court will permit the following: (1)  thirty days from the entry of the Order to file an operative class action complaint; (2) thirty days for Defendant to answer or otherwise respond; (3) twenty-one days for Plaintiffs to respond to any responsive motions; and (4) fourteen days for Defendant to reply, if applicable. The Court will not consider additional extensions to the pleading schedule absent a compelling showing of necessity.

**WHEREFORE**, it is hereby **ORDERED** that the motion to consolidate [8] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk of Court must **CONSOLIDATE** *Hill v. Continental Cafe Holdings, LLC*, 2:24-cv-13166 with *King v. Continental Cafe Holdings, LLC*, 2:24-cv-13100.

**IT IS FURTHER ORDERED** that the Clerk of Court must **CLOSE** *Hill v. Continental Cafe Holdings, LLC*, 2:24-cv-13166.

**IT IS FURTHER ORDERED** that the Clerk of Court must **CONSOLIDATE** *Wood v. Continental Cafe Holdings, LLC*, 2:24-cv-13189 with *King v. Continental Cafe Holdings, LLC*, 2:24-cv-13100.

**IT IS FURTHER ORDERED** that the Clerk of Court must **CLOSE** *Wood v. Continental Cafe Holdings, LLC*, 2:24-cv-13189.

**IT IS FURTHER ORDERED** that E. Powell Miller of The Miller Law Firm, P.C., William B. Federman of Federman & Sherwood, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and Ken Grunfeld of Kopelowitz Ostrow P.A. are **APPOINTED** as interim lead counsel.

**IT IS FURTHER ORDERED** that Plaintiffs must **FILE** their complaint **within thirty days** from the entry of the Order; Defendant must **ANSWER OR RESPOND within thirty days**; if Defendant files a responsive motion, Plaintiffs must **RESPOND within twenty-one days,** and Defendant must **REPLY within fourteen days**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2025