UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA KING, et al.,

        Plaintiffs,

v.

CONTINENTAL CAFE HOLDINGS,

        Defendant.

_____/

Case No. 2:24-cv-13100

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT,
PRELIMINARILY CERTIFYING THE CLASS, APPROVING
CLASS COUNSEL AND CLASS REPRESENTATIVE, APPROVING
SETTLEMENT NOTICE, SCHEDULING A DATE FOR A FAIRNESS
HEARING [28], AND DENYING MOTION TO DISMISS AS MOOT [20]**

Plaintiff Samantha King, individually and on behalf of others similarly situated, moved for preliminary approval of a class action settlement arising from a data security incident with Defendant Continental Café Holdings, LLC. ECF No. 28. Defendant did not oppose with the motion. *Id.* at PageID.383. After a review of the settlement agreement and associated documents, the Court will grant the motion for preliminary approval and deny the pending motion to dismiss as moot.[1]

## BACKGROUND

Plaintiff sued Continental Café Holdings following a data security incident in late 2024 that allegedly involved the unauthorized access of personally identifiable

---

[1] The motion to dismiss is denied without prejudice. If the settlement is not ultimately approved, Defendant may refile the motion.

information and protected health information. ECF No. 28, PageID.393. Plaintiff alleged that Defendant failed to properly secure and safeguard her and other class members' sensitive information. ECF No. 18, PageID.185. According to the complaint, Defendant exposed the personal information of approximately 8,284 individuals. *Id.* at PageID.184.

Defendant is a "contract dining and refreshment provider" that conducts its business across the Midwest. *Id.* at PageID.185. Plaintiff alleged that cyber criminals obtained: "full names, residential addresses, phone numbers, dates of birth, financial information, driver's licenses, passports, Social Security numbers, health insurance plan information, assigned number for the health insurance provider, health conditions, doctor's notes for medical conditions, and Family [and] Medical Leave Act information." *Id.* From the data breach, "multiple Plaintiffs" allegedly suffered identify theft and fraud. *Id.* Plaintiff alleged that Defendant failed to implement "adequate and reasonable cyber-security procedures and protocols necessary to protect individuals' Private Information." *Id.*

Plaintiff therefore brought claims on behalf of herself and the Class for negligence, breach of implied contract, unjust enrichment, the Michigan Consumer Protection Act, and a count for declaratory and injunctive relief. *Id.* at PageID.224–238.

The case originally arose in three separate actions. On motion of the parties, the Court consolidated the three actions into the instant case. ECF No. 14. After the case was consolidated, Plaintiff filed her amended complaint. ECF No. 18. Defendant

then moved to dismiss the case and compel arbitration. ECF No. 20. The motion is fully briefed. Shortly after, the Court entered a stipulated order staying the proceedings because the parties "reached an agreement in principle to resolve this matter." ECF No. 25, PageID.369. Plaintiff then moved, unopposed, for preliminary approval of their class action settlement. ECF No. 28.

The proposed Settlement Agreement defines the settlement class as: "all individuals affected by the Data Incident, including those who received Defendant's November 12, 2024 notice of the Data Incident, and who are not parties to an arbitration agreement implemented by Defendant on March 14, 2019 and/or July 18, 2023." ECF No. 28-2, PageID.436.

Class members may submit a claim for out-of-pocket losses up to $700 or may receive an alternative cash payment of $50. *Id.* at PageID.440–441. Furthermore, class members are eligible to enroll in three years of credit monitoring and identity theft protection services. *Id.* at PageID.441. Defendant also agreed to pay the administration costs, any service fee, and fee awards. *Id.* at PageID.442, 446. Defendant agreed to improve their data security measures "which will benefit the Settlement Class whose Private Information remains in CCH's possession." ECF No. 28, PageID.398.

The parties agreed to have Simpluris act as the Settlement Administrator. *Id.* Within fourteen days after the entry of this order, Defendant will provide Simpluris a list of class members, and notice will begin "within thirty (30) days after entry [of this order]." *Id.* Class members will receive the short form notice via USPS mail. *Id.*

3

Simpluris will also maintain a settlement website that will contain the "traditional 'Long Form' notice" and other detailed information about the settlement, awards, and the upcoming approval process. *Id.* at PageID.399. Importantly, the notice plan will inform class members about the claim, how to object, and how to opt out. *Id.*

The parties also agreed that proposed Class Counsel will move for an award of $130,000 in attorneys' fees and expenses that Defendant will pay. *Id.* at PageID.400. The parties also agreed that Plaintiff will request a service award of $2,500. *Id.* at PageID.400–01.

After final approval, Plaintiff and the Settlement Class will release all claims against Defendant related to the data security incident. *Id.* at PageID.401.

## DISCUSSION

Federal Rule of Civil Procedure 23(e) requires court approval of class-action settlements. Approval involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable." *Doe v. Deja Vu Servs.*, 2017 WL 2629101, at *1 (E.D. Mich. 2017) (Murphy, J.) (quoting *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001)). Thus, the Court will rule on preliminary class certification, preliminary settlement approval, approval of class notice, class representative, and proposed class counsel.

I.      Preliminary Certification of the Proposed Class

        *A. Rule 23(a) Requirements*

Rule 23 allows plaintiffs to sue on behalf of themselves and a class of unnamed individuals who are similarly situated, but only if the prerequisites listed in Rule 23(a) are met. *See Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013). To obtain class certification, plaintiffs must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (citing Fed. R. Civ. P. 23(a)). Further, a class action must fall within one of the types of class actions listed in Rule 23(b). *Id.* The 23(a) and 23(b)(3) requirements are "not merely a pleading standard;" rather, plaintiffs must "affirmatively 'prove' that the class meets the prerequisites for certification." *Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 316 (6th Cir. 2025) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here, the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) and therefore should be preliminarily certified.

        a.  Numerosity

First, the class is so numerous that joinder of all members is impracticable. There is no strict numerical test to define numerosity under Rule 23(a)(1); "substantial" numbers are sufficient to satisfy the requirement. *In re Whirlpool*, 722 F.3d at 852 (quoting *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006)).

Because the proposed class consists of approximately 8,284 individuals, joinder of all members in an individual action would be impracticable. *See* ECF No. 18, PageID.191.

### b.  Commonality

Second, there are questions of law or fact common to the class. Plaintiffs must demonstrate that class members suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). To be common, "a question must (1) yield a common answer with common evidence and (2) meaningfully progress the lawsuit. The decisionmaker must be able to resolve the question with a yes-or-no answer for the class in one stroke." *Speerly*, 143 F.4th at 316 (citation modified). Here, all of the issues of fact and law stem from the alleged inadequacy of CCH's data security measures. Because those measures do not differ from class member to class member, the claims for all class members could be resolved at once. *See Thomsen v. Morley Cos., Inc.*, 639 F. Supp. 3d 758, 765 (E.D. Mich. 2022) (finding commonality in data-breach class action where common question was whether Defendant's security measures adequately protected class members' personal information).

### c.  Typicality

Third, the claims or defenses of the representative parties are typical of the claims or defenses of the class. "Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *In re Whirlpool*, 722 F.3d at 852, (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc)). Here, the claims arose from the same data incident and resulting exposure of personal

information. The unnamed class members' claims from the data breach would be encompassed by the named Plaintiff's claims as their personal information was affected by the data security incident. *See* ECF No. 18, PageID.213–216.

### d.  Adequacy of Representation

Fourth, the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). There are two factors for determining adequacy of representation. First, "the representative must have common interests with unnamed members of the class," and second, "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (citation omitted).

The Court is satisfied at this stage that the class representative has common interests with the unnamed members: both named and unnamed class members had their personal information exposed allegedly because of Defendant's inadequate protection. And the relatively modest proposed incentive award for the named Plaintiff does not misalign the interests of the named Plaintiff and the rest of the class.

Accordingly, the class preliminarily satisfies the Rule 23(a) adequacy requirements.

### B.  Rule 23(b) Requirements

Plaintiff also moved for conditional certification of the proposed class under the Rule 23(b) requirements. ECF 28, PageID.406–408. Rule 23(b)(3) contains two

principal requirements—predominance and superiority—that Plaintiff has preliminarily satisfied. *See Speerly*, 143 F.4th at 316.

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011) (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007)).

Post-settlement, "the analysis of the predominance requirement must account for the fact that [the] class is proposed for settlement purposes only and that the alleged wrongdoing arises out of a common set of facts." *In re Flint Water Cases*, 499 F. Supp. 3d 399, 424 (E.D. Mich. 2021). "Settlements obviate the difficulties inherent in proving the elements of varied claims at trial, and consequently, courts are more inclined to find the predominance test met in the settlement context." *Id.* at 424 (citation modified); *see also Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

The Court agrees with Plaintiff that the "alleged course of conduct and data security issues [were] uniform across the Settlement Class," so the outcome of the law and facts here will determine the outcome class-wide. ECF No. 28, PageID.407. Predominance is therefore satisfied. *See Powers v. Hamilton Cnty. Pub. Def. Comm'n*,

501 F.3d 592, 619 (6th Cir. 2007) ("Cases alleging a single course of wrongful conduct are particularly well-suited to class certification.").

Second, class resolution must be superior to alternative methods for adjudicating the controversy. *In re Flint Water Cases*, 499 F. Supp. 3d at 425. Class certification is superior when class members are not likely to file individual actions because the cost of litigation would be far greater than any potential recovery. *In re Whirlpool*, 722 F.3d at 861.

The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. A class action here would achieve efficiency and uniformity among the putative class members. The Court has considered the class members' interests in individually controlling the prosecution or defense of separate actions, any litigation concerning the controversy already begun by or against class members, the desirability of concentrating the litigation of the claims in the particular forum, and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b). Litigating these issues on a class-wide basis is the superior method of adjudication, especially because the amount in dispute per class member would likely be too small for an individual to bring suit individually. *See In re Sonic Corp. Customer Data Breach Litig.*, No. 1:17-MD-02807, 2020 WL 6701992, at *6 (N.D. Ohio Nov. 13, 2020) (finding that class action was superior because all class members suffered the same injury from the same data breach).

II. <u>Approval of Class Representative and Class Counsel</u>

Next, the Court finds that Plaintiff is an adequate representative of the class, and that proposed Class Counsel meet the requirements of Rule 23(g). Plaintiff moved to appoint E. Powell Miller of The Miller Law Firm, PC'; William B. Federman of Federman & Sherwood; Gary M. Klinger of Milberg, PLLC; and Ken Grunfeld of Kopelowitz Ostrow P.A. as proposed Class Counsel. ECF No. 28, PageID.408. Before appointing class counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Proposed Class Counsel are experienced in class actions and data privacy cases. They have already done significant work in representing Plaintiff to date indicated by the briefing on the motion to dismiss as well as the negotiation of the proposed settlement. And they affirmed that they would continue to vigorously litigate the case. *See generally* ECF No. 28-2, PageID.422–432. E. Powell Miller of The Miller Law Firm, PC, William B. Federman of Federman & Sherwood, Gary M. Klinger of Milberg, PLLC, and Ken Grunfeld of Kopelowitz

Ostrow P.A. are hereby provisionally appointed as class counsel for the settlement class with all the duties, obligations, and authority provided in Rule 23.

III.     Preliminary Approval of Settlement Agreement

Next, Plaintiff moved unopposed for preliminary approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(2). The Court preliminarily finds that the Settlement Agreement between the parties is fair, reasonable, adequate, and in the best interests of the class members.

Rule 23(e)(1)(B) authorizes a court to grant preliminary approval of a proposed class action settlement so long as the court finds that it will "likely be able to" grant final approval to the settlement. At the preliminary approval stage, the Court considers the factors set forth in Rule 23(e)(2) to determine whether the settlement is "fair, reasonable, and adequate." The factors include:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Rule 23(e)(2) factors "largely encompass[] seven factors known as the *UAW* factors, which the Court of Appeals for the Sixth Circuit uses in its fairness analysis." *Smith v. Specialty Networks LLC*, No. 1:24-cv-286, 2025 WL 1944022, at *3 (E.D. Tenn. July 15, 2025). The overlapping *UAW* factors are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).[2]

Given the 2018 Amendment to Rule 23(e), the Court will proceed using the factors enumerated in the Rule 23(e) that incorporate the same considerations as the *UAW* factors. *See also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008) ("[T]he district court may choose to 'consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case.'") (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594–595 (E.D. Mich. 2006)).

Approval of a class settlement is discretionary. *Robinson v. Shelby Cnty. Bd. of Educ.*, 566 F.3d 642, 647 (6th Cir. 2009). At the preliminary approval stage, the Court

---

[2] Before 2018, Rule 23(e)(2) directed courts to determine whether proposed class action settlements were "fair, adequate, and reasonable," but the rule did not list factors. *See* Fed. R. Civ. P. 23(e)(2) (2017). Courts in the Sixth Circuit analyzed settlements using the *UAW* factors. Effective December 1, 2018, Rule 23(e) was amended to enumerate a "shorter list of core concerns" for courts to use when evaluating a class action settlement. *See* Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes.

considers "whether the settlement is fair enough" to begin class notice. *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020).

As noted above, Plaintiff and proposed Class Counsel have adequately represented the class since the inception of the case. Furthermore, the Court finds that the Settlement Agreement was the result of an arm's-length negotiation, and is satisfied, at this preliminary juncture, that there is no indication of fraud or collusion. In the unopposed motion, Plaintiff noted that the settlement was reached after "hard-fought negotiations and after the continued exchange of information sufficient to assess the strengths and weaknesses of each Party's position." ECF No. 28, PageID.410; *see also* ECF 28-2, PageID.424 (explaining the months long settlement negotiations).

What is more, the Court agrees that, absent settlement, the case could persist for years. *See* ECF No. 28, PageID.412–313. Formal discovery would require extensive fact and expert development. Additional motion practice would include discovery disputes, a motion to dismiss and/or summary judgment, and a motion for class certification, not to mention appeals. Finally, given the nature of a data security incident, trial would likely be complex and lengthy. Considering those factors, it is certainly reasonable for parties to wish to settle before undergoing the risks inherent, especially for class members, with dispositive motions and eventually trial.

Plaintiff demonstrated, and the Court is satisfied, that the class members will receive adequate relief from the Settlement Agreement, rather than waiting years for the case to proceed to trial. The benefits to the class, including a cash payment of $50

13

or reimbursement of up to $700, plus credit monitoring and theft prevention services, adequately compensates them for their injuries in light of the risks inherent in litigation.

Finally, "[i]n evaluating the fairness of a settlement, therefore, we look in part to whether the settlement gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013) (citation omitted). The Sixth Circuit, "has never approved the practice of incentive payments to class representatives, though in fairness [it has] not disapproved the practice either." *Id.* at 722. Still, courts are wary of settlements "involving a meager recovery for the class but generous compensation for the lawyers." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011).

The Settlement Agreement allows proposed Class Counsel to move for $130,000 in attorneys' fees and expenses. ECF No. 28-2, PageID.446. The class Representative will request a $2,500 service award. Though incentive awards are not favored, a modest award of $2,500 for a named plaintiff "does not misalign the interests of Plaintiff[] and the Class." *See Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758, 766 (E.D. Mich. 2022) (preliminarily approving $1,500 service award in data breach case).

As to the attorneys' fees, the Court is satisfied at the preliminary stage that it does not appear to suggest excessive compensation for attorneys and that the proposed Class Counsel met their fiduciary obligations to the class. *See Shane Grp.,*

14

*Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 309 (6th Cir. 2016) (quoting Fed. R. Civ. P. 23(e)(2)). As noted above, proposed Class Counsel has prudently litigated the case from the complaint to consolidation, briefed the motion to dismiss, and successfully engaged in months-long settlement discussions.

Preliminary approval of a class action settlement "is only the first step in an extensive and searching judicial process, which may or may not result in final approval of a settlement." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 337 (N.D. Ohio 2001); Fed. R. Civ. P. 23(e)(2) ("[T]he court may approve [settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate."). The Court will consider the Settlement Agreement once more at the fairness hearing.

In sum, the parties agreed on the principal terms of a class-wide settlement after extensive litigation. At this stage, there are no grounds to doubt the fairness of the proposed Settlement Agreement. Therefore, the proposed Settlement Agreement falls within the range of what ultimately could be considered fair, reasonable, and adequate. The proposed Settlement Agreement thus warrants preliminary approval.

IV.    Approval of Class Notice Plan

Plaintiff also moved for approval of the proposed class notice pursuant to 23(c)(2). The Court approves of the notice plan in form and in substance. Rule 23 and due process require the best notice practicable to class members of any class certified under Rule 23(b)(3), "including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The substance of the notice to the settlement class must

15

describe in plain language the nature of the action, the definition of the class to be certified, the class claims and defenses at issue, that class members may enter an appearance through counsel, that class members may request to be excluded from the settlement class, and that the effect of a class judgment shall be binding on all class members. Fed. R. Civ. P. 23(c)(2)(B).

The Court finds the proposed notice to be adequate. *See* ECF No. 28-2, PageID.462–476. Simpluris will mail the short form notice to class members, has a procedure for those notices returned, and will make the long form notice available on the settlement website. ECF No. 28, PageID.398–399. The website will also make class members aware of the final approval hearing and a way to contact the Administrator directly. *Id.* at PageID.399. After reviewing the notices, the Court finds that that the proposed plan satisfies due process and all of Rule 23's requirements. It is therefore approved.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Approval of Class Action Settlement [28] is **GRANTED.**

**IT IS FURTHER ORDERED** that, for purposes of settlement only, the parties' proposed class action settlement is **PRELIMINARILY APPROVED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [20] is **DENIED AS MOOT**.

16

**IT IS FURTHER ORDERED** that, for purposes of settlement only, the Court **CONDITIONALLY CERTIFIES** the settlement class as defined in the proposed Settlement Agreement.

**IT IS FURTHER ORDERED** that Samantha King is **APPOINTED** as Class Representative for the Settlement Class.

**IT IS FURTHER ORDERED** that the form and contents of the Short-Form Notice and the Long-Form notice to the members of the settlement class are **APPROVED** and Class Counsel, through the Settlement Administrator, shall **GIVE NOTICE** of the Settlement to the Settlement Class **no later than 30 DAYS after entry of this order**.

**IT IS FURTHER ORDERED** that the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, is **APPROVED** and the Claim Form must be **SUBMITTED no later than 90 DAYS after the notice date**.

**IT IS FURTHER ORDERED** that the parties are **AUTHORIZED** and **DIRECTED** to retain Simpluris as the Settlement Administrator.

**IT IS FURTHER ORDERED** that the Settlement Administrator shall provide a list of all Settlement Class Members who have submitted a request for exclusion to Proposed Class Counsel **no later than 10 DAYS prior to the Fairness Hearing**, and then file with the Court the list of all Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy thereof **no later than 10 DAYS prior to the Fairness Hearing**.

17

**IT IS FURTHER ORDERED** that the E. Powell Miller of The Miller Law Firm, PC; William B. Federman of Federman & Sherwood; Gary M. Klinger of Milberg, PLLC; and Ken Grunfeld of Kopelowitz Ostrow P.A. are **APPOINTED** as Class Counsel.

**IT IS FURTHER ORDERED** that a Fairness Hearing, to determine whether the settlement should be finally approved, will be **HELD** before this Court on **August 18, 2026 at 2:00 p.m.** The Court may adjourn the Fairness Hearing by providing notice on the docket.

**IT IS FURTHER ORDERED** that Class Counsel must **FILE** papers in support of their fee award and the class representative's service awards **no later than 14 DAYS prior to the Objection Deadline**.

**IT IS FURTHER ORDERED** that each potential class member who wishes to object to the proposed Settlement Agreement shall **FILE** objections with the Court and **SERVE** on Class Counsel and Defendant's counsel **no later than 60 DAYS after the notice date.**

**IT IS FURTHER ORDERED** that each potential class member who wishes to be excluded from the settlement class shall **OPT-OUT** per the instructions set forth in the class settlement notice **no later than 60 DAYS after the notice date.**

**IT IS FURTHER ORDERED** that all papers in support of Final Approval of the Settlement, including any responses by Class Counsel concerning objections, shall be **FILED no later than 21 DAYS before the fairness hearing.**

**IT IS FURTHER ORDERED** that any class member who has not properly and timely requested exclusion from the settlement class shall be **BOUND** in the event the Court issues a Final Order Approving Settlement.

**IT IS FURTHER ORDERED** that, pending final determination of the Settlement Agreement, all proceedings in this litigation other than settlement approval proceedings are **STAYED**.

**IT IS FURTHER ORDERED** that the parties must **CARRY OUT** the Settlement Agreement and this Order according to the terms of the Settlement Agreement, or a substantially similar agreement if approved at the Fairness Hearing, in good faith and with reasonable judgment.

**IT IS FURTHER ORDERED** that, in the event the Court does not grant final approval of the Settlement Agreement following the Fairness Hearing, the Court's Order preliminarily certifying the class shall be null and void.

**IT IS FURTHER ORDERED** that the Court reserves the right to amend or alter this Order as necessary to maintain manageability over this action and to remain consistent with the parties' Settlement Agreement.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2026

19