UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA KING,

Plaintiff,

v.

CONTINENTAL CAFE HOLDINGS, LLC,

Defendant.

______________________________/

Case No. 2:24-cv-13100

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING MOTION FOR ATTORNEYS' FEES [31] AND**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [32]**

Plaintiff Samantha King, individually and on behalf of others similarly situated, moved for final approval of a class action settlement arising from a data security incident with Defendant Continental Cafe Holdings, LLC, and for approval of attorneys' fees. ECF Nos. 31, 32. Defendant did not oppose either motion. The Court previously granted preliminary approval of the parties' Settlement Agreement and the Class Members were notified. ECF No. 29. The Court then held a fairness hearing on August 18, 2026, allowed class members to object, and heard arguments on Plaintiff's unopposed motions for attorneys' fees and for final approval of the class action settlement. One class member requested exclusion and no class member objected to the settlement agreement. ECF No. 33-2, PageID.788. For the following reasons, the Court will grant Plaintiff's motions for attorneys' fees and for final approval of the class action settlement.

## BACKGROUND

Plaintiffs sued Continental Cafe Holdings following a data security incident in late 2024 that allegedly involved the unauthorized access of personally identifiable information and protected health information. ECF No. 18. Plaintiffs alleged that Defendant failed to properly secure and safeguard her and other class members' sensitive information. *Id.* at PageID.184–185. According to the complaint, Defendant exposed the personal information of approximately 8,284 individuals. *Id.* at PageID.184.

Defendant is a "contract dining and refreshment provider" that conducts its business across the Midwest. *Id.* at PageID.185. Plaintiffs alleged that cyber criminals obtained: "full names, residential addresses, phone numbers, dates of birth, financial information, driver's licenses, passports, Social Security numbers, health insurance plan information, assigned number for the health insurance provider, health conditions, doctor's notes for medical conditions, and Family [and] Medical Leave Act information." *Id.* From the data breach, "multiple Plaintiffs" allegedly suffered identity theft and fraud. *Id.* Plaintiffs alleged that Defendant failed to implement "adequate and reasonable cyber-security procedures and protocols necessary to protect individuals' Private Information." *Id.*

Plaintiffs therefore brought claims on behalf of themselves and the Class for negligence, breach of implied contract, unjust enrichment, the Michigan Consumer Protection Act, and declaratory and injunctive relief. *Id.* at PageID.224–238.

The case originally arose in three separate actions. On motion of the parties, the Court consolidated the three actions into the instant case. ECF No. 14. After the case was consolidated, Plaintiffs filed an amended complaint. ECF No. 18. Defendant then moved to dismiss the case and compel arbitration. ECF No. 20. Shortly after, the Court entered a stipulated order staying the proceedings because the parties "reached an agreement in principle to resolve this matter." ECF No. 25, PageID.369. Plaintiff King then moved, unopposed, for preliminary approval of the class action settlement. ECF No. 28. As indicated at the fairness hearing, Plaintiffs Tishardra Hill and David Wood voluntarily dismissed their claims, so the only remaining named Plaintiff is Plaintiff King. ECF No. 34.

The Settlement Agreement defines the settlement class as: "all individuals affected by the Data Incident, including those who received Defendant's November 12, 2024 notice of the Data Incident, and who are not parties to an arbitration agreement implemented by Defendant on March 14, 2019 and/or July 18, 2023." ECF No. 28-2, PageID.436.

Class members may submit a claim for out-of-pocket losses up to $700 or may receive an alternative cash payment of $50. *Id.* at PageID.440–441. Furthermore, class members are eligible to enroll in three years of credit monitoring and identity theft protection services. *Id.* at PageID.441. Defendant also agreed to pay the administration costs, any service fee, and fee awards. *Id.* at PageID.442, 446. Defendant agreed to improve their data security measures "which will benefit the

Settlement Class whose Private Information remains in CCH's possession." ECF No. 28, PageID.398.

The parties also agreed that Class Counsel will move for an award of $130,000 in attorneys' fees and expenses that Defendant will pay. *Id.* at PageID.400. The parties also agreed that Plaintiff will request a service award of $2,500. *Id.* at PageID.400–01.

After final approval, Plaintiff and the Settlement Class will release all claims against Defendant related to the data security incident. *Id.* at PageID.401.

On March 30, 2026, the Court granted preliminary approval to the parties' Settlement Agreement. ECF No. 29. It also conditionally certified the class, approved class counsel, class representatives, and the class notice. *Id.* Notice was provided in accordance with the Court's order and applicable law, by mailing the postcard notice and placing the long-form notice on the settlement website, ECF No. 33-2, PageID.786–787, satisfying all requirements of Rule 23(e) and due process. Notice was also sent to the relevant Attorneys General, *id.* at PageID.786, in accordance with the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1715. No class member objected to the Settlement Agreement. ECF No. 33-2, PageID.788. The Court then held a fairness hearing on August 18, 2026, where it indicated it would grant both motions.

## DISCUSSION

### I. Motion for Final Approval of Class Settlement

The Court will grant Plaintiff's motion for final approval of the class action settlement. Because no class member objected to the settlement, the analysis has not changed since the Court preliminarily approved the settlement. *See* ECF No. 29. The Court will therefore incorporate the entirety of both its order preliminarily approving the settlement as well as its findings made on the record at the fairness hearing into the instant order. For those reasons, the Court will: grant final approval of the settlement and find it fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2); certify the settlement class for settlement purposes only because it meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3); appoint Samantha King as Class Representative; appoint Counsel as Settlement Class Counsel; direct the parties to execute the Settlement Agreement; and close the case.

### II. Attorneys' Fees, Costs, and Service Awards

Plaintiff moved unopposed for $130,000 in attorneys' fees, costs, and expenses. ECF No. 31, PageID.592. They also requested a $2,500 service award for the sole class representative. *Id.* As the Court indicated at the hearing, it will grant Plaintiff's unopposed motion.

The Court will adopt the findings it made at the hearing and incorporate its reasoning on attorneys' fees from its order preliminarily approving the settlement. *See* ECF No. 29, PageID.575–576.

Plaintiff argued that the Court should use the "percentage-of-the-benefit method" as opposed to the lodestar method. ECF No. 31, PageID.597–599. Courts have discretion as to the method to determine the reasonableness of attorneys' fees. *Waid v. Snyder (In re Flint Water Cases)*, 63 F.4th 486, 495 (6th Cir. 2023) (citing *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 516 (6th Cir. 1993)). Because Defendant did not oppose the request, the Court will look to the percentage-of-the-benefit method.

The requested attorneys' fees here are reasonable. The $130,000 request is 16.8% of the benefit created for the class.[1] *See* ECF No. 31, PageID.599; ECF No. 31, PageID.597 (explaining that the settlement creates a maximum total value of $769,713.56 even in the event no Class Member suffers a documented loss from the Data Incident). A 16.8% request is well within the range of reasonableness in the Sixth Circuit. *See In re Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013) (finding 33% "is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit").

The Court also looks to six factors to confirm that the requested amount is fair and reasonable:

> 1) the value of the benefit rendered to [the class] 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5)

[1] The $130,000 request also represents a negative lodestar multiplier of 0.44. ECF No. 31-2, PageID.624.

> the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

As laid out above and in the Court's order preliminarily approving the settlement, the reimbursement or cash payment, as well as credit monitoring and theft prevention services, is a significant benefit to the class. *See* ECF No. 32-2, PageID.674 (explaining that the total direct benefits to class members could be up to $1,987,884.64 for the roughly 1,876 class members). What is more, the fee request here is 16.8%—far less than other awards approved by courts in the Sixth Circuit for the total value of the settlement. *See, e.g.*, *Raymo v. FCA US LLC*, No. 2:17-cv-12168, 2025 WL 521834, at *8–9 (E.D. Mich. Feb. 18, 2025) (approving 35.42% fee and cost award); *Chapman v. Gen. Motors LLC*, Case No. 19-cv-12333, ECF Nos. 246, 253 (E.D. Mich. May 6, 2025) (Berg, J.) (approving 30% award totaling $15,000,000).

As the Court noted at the hearing, the fee request represents a negative lodestar multiplier of 0.44. ECF No. 31-2, PageID.624. And Class Counsel spent over 355 hours of attorney and professional time litigating the case. *Id.* What is more, Class Counsel litigated the case on a contingency basis and have received no compensation to date. *Id.* at PageID.623. The fee award here will both compensate the attorneys' work over the past two years as well as maintain an incentive to other attorneys to litigate class actions on a contingency basis. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003).

Finally, the skill of Class Counsel was evident, especially considering case complexity and results achieved, and thus supports the fee requests. *See In re*

*Prandin Direct Purchaser Antitrust Litig.*, No. 2:10-cv-12141, 2015 WL 1396473, at *5 n.32 (E.D. Mich. Jan. 20, 2015). The fee for the representation rewards the attorneys who worked to provide the benefits of the settlement to the class.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for attorney fees [31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for final approval of the Settlement Agreement [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel is **AWARDED** $130,000.00 for attorneys' fees and litigation costs.

**IT IS FURTHER ORDERED** that Plaintiff Samantha King is **APPOINTED** Class Representative for the Settlement Class and is **AWARDED** a $2,500.00 Service Award.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the final Settlement is **APPROVED** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are **DIRECTED** to perform all obligations under the Settlement Agreement in accordance with its terms.

**IT IS FURTHER ORDERED** that the Parties and each person within the definition of the Settlement Class are **BOUND** by the terms and conditions of the Settlement Agreement, except for those who duly and timely excluded themselves.

**IT IS FURTHER ORDERED** that the settlement class as defined in the Settlement Agreement, and with applicable exclusions, is **CERTIFIED** for settlement purposes only.

**IT IS FURTHER ORDERED** that the Court **RETAINS** jurisdiction over the case for the purpose of enforcing and administering the Settlement.

**IT IS FURTHER ORDERED** that E. Powell Miller of the Miller Law Firm, P.C., William B. Federman of Federman & Sherwood, Gary Klinger of Milberg, PLLC, and Ken Grunfeld of Kopelowitz Ostrow P.A. are **APPOINTED** as Class Counsel.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 7, 2026